*Brewer, Cook & McGowan,* for plaintiff in error.

*Kline, Carr, Tolles & Goff,* for defendant in error.

---

### ACTIONS FOR MALICIOUS PROSECUTION.

[Circuit Court of Lorain County.]

FRANK LIEBLANG v. THE CLEVELAND ELECTRIC RAILWAY CO.

Decided, October 8, 1903.

*Malicious Prosecution—Termination of Prosecution Necessary to Sus-*
*tain Action for—Denial of Knowledge of Entry of Nolle Prosequi—*
*Puts Plaintiff upon Proof that the Case is Ended—Pleading.*

1. In an action for malicious prosecution, an allegation that the case
was ended by a *nolle prosequi,* and a denial by the defendant for
want of knowledge that the case was thus ended, raises the issue
as to its termination, and puts the plaintiff upon proof as to his
final discharge, and if such proof is lacking there can be no re-
covery.

2. The fact that a final termination of the prosecution was assumed
and not denied during the trial does not supply the place of such
proof, particularly where the trial judge directs attention to this
defect in proof by sustaining an objection to a question on the
ground that such proof is lacking.

MARVIN, J.; HALE, J., and WINCH, J., concur.

The case of Frank Lieblang against The Cleveland Electric
Railway Company is brought here upon proper proceedings
for a review, complaint being made by Lieblang, who was the
plaintiff below as well as the plaintiff in error, that error to
his prejudice was committed by the trial court upon the trial.

The suit was brought for malicious prosecution. The peti-
tion set out, stating it briefly, that The Cleveland Electric
Railway Company conspired with The Citizens Electric Rail-

way Company of Detroit and certain natural persons in the city of Detroit to have Lieblang arrested upon a false charge in Detroit, and prosecuted him upon such false charge; that he was arrested; that he was in jail for several days, and that for many months he was under bond and required to appear and did appear a good many times in the city of Detroit, and that he was thereby greatly injured. The petition further states as was clearly necessary that the prosecution in Detroit against him was terminated, and he states that the case or persecution was terminated by a nolle being entered by the prosecuting attorney with the permission of the court.

The answer denies that The Cleveland Electric Railway Company was in anywise responsible for the arrest of Lieblang, and denies for want of knowledge that the prosecution begun in Detroit was terminated at the time the suit was brought; that raised the issue squarely, and put the plaintiff upon proof that the prosecution in Detroit was ended.

It is settled without any question in Ohio that before a suit can be brought for malicious prosecution, the prosecution must be ended, and must have ended either by an acquittal of the accused or by a dismissal of the prosecution. The last case to which our attention has been called on that subject is in the 56th Ohio State Reports, page 156 (*Douglass* v. *Allen*).

"In order to maintain an action for malicious prosecution, it must be shown that the prosecution was legally terminated before the commencement of the action; but it is not essential that the plaintiff shall have been acquitted of the charge on a trial of the merits; the entry of a *nolle prosequi,* followed by his discharge is sufficient."

Prior to that the court had said in another case, that of *Foreman* v. *Rotier,* 8th O. S., page 550, that the prosecution must have ended by an acquittal of the accused; but in that case that question was not raised, and was only incidentally stated. But in the case last referred to in the 56th, Judge Williams says: It is not necessary, clearly ought not to be necessary that the case should be terminated by an acquittal; because if that were true, and there was a nolle entered, it would leave the party remedyless, although he had a good

case, although he had thus been wrongly dealt with. Attention was called to this in the argument of the case in this court by counsel for the defendant in error.

Counsel for the plaintiff in error was inquired of if there was that defect in the evidence, and he answered he did not think that there was any direct proof of the prisoner's discharge or plaintiff's acquittal, but that that was conceded. Every body assumed that that was so, overlooking the fact that in the trial his attention was called to it. A good many questions were asked by counsel for the plaintiff of the plaintiff when he was upon the stand. Questions which assumed he had been discharged. One if them is found on page 122.

"Q. From the time of your arrest on the 31st day of August 1900, until the time of your final discharge on the 2d of July, 1901, you may state to what extent by your travels hither and thither and your imprisonment your business was interfered with?"

Now a good many questions of that sort were asked, and objections to them sustained, and the court on page 124 called attention of counsel to the fact he was assuming that there was a final discharge of the plaintiff from the prosecution in Detroit, and said:

"The question has in it," speaking of a question to which an objection had been made, and which was then being considered, "The question has in it, 'And your final discharge;' you are assuming a thing that ought not to be in your question. Now I hold that the time that he spent in Detroit in the court—you may show whose transactions, how long he was before the court, in the court room, the incarceration, in the hands of the officers, any of those things. I suppose you had covered all of that."

Calling his attention to the fact the only defect in his question he was asking was, he had failed so far to show any discharge or termination of the prosecution in Detroit. And still after a careful search of this record all through we can find nothing which squints toward that fact. The nearest is the assumption by counsel for plaintiff that he was finally discharged, and he was cautioned he must not ask that be-

cause of the fact he failed to show it. And still the case went through and he did not show and so far as we can find there was no effort to show there was a final discharge. That being true, it is not necessary to comment upon what the court said below, and the reasons why he took the case from the jury. It is enough to say he was justified in taking the case from the jury, for there could have been no verdict that could have been sustained for the plaintiff; there was not a scintilla of evidence upon this material point, that the prosecution was ended. That being true, without any discussion of the further questions, although in examining this question we have had to look the record through, and learned pretty nearly what there is in that record, but without any discussion as to any other question, that was fatal to the plaintiff's case and justified the court in directing a verdict for the defendant, and the judgment is affirmed.

*Kerruish, Chapman & Kerruish,* for plaintiff in error.

*Squire, Sanders & Dempsey, E. G. Johnson* and *Hale C. Johnson,* for defendant in error.